# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60362

KAWIN REESE

Plaintiff - Appellant

v.

MONROE COUNTY SHERIFF'S DEPARTMENT, also known as Monroe
County Mississippi; CHRISTOPHER DALE GRAY; RANDY PERKINS;
CHRISTOPHER RIEVES; RONALD WEST

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CV-126

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Kawin Reese contends, *inter alia*, genuine issues of material fact preclude
the summary judgment awarded some of the Defendants. Because there are
such issues, the summary judgment is VACATED in part and this matter is
REMANDED for further proceedings. The summary judgment for the Monroe

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

County Sheriff's Department and its Deputies, Christopher Dale Gray and Ronald West, in their official capacities, is AFFIRMED.

## I.

On Christmas day, 2005, John Lowe, a fugitive from the Mississippi Department of Corrections' (MDOC) house-arrest program, was in Kawin Reese's home (house trailer). According to Reese, he was unaware of Lowe's fugitive status. The parties offer differing accounts of what took place while Lowe was in Reese's home and how long he was there. They agree, however, that Lowe called his girlfriend, Lisa Spence, to come and pick him up.

Spence instead contacted Randy Perkins, Lowe's MDOC house-arrest officer, and gave him directions to Reese's trailer. Perkins, accompanied by MDOC Agent Christopher Rieves (collectively MDOC Defendants), and MDOC Agent Dallas Burkes, contacted the Monroe County Sheriff's Department for backup. Based on the conversations with Spence, the MDOC Agents believed Antonio Reese, a drug dealer related to Kawin Reese, might be present. In his deposition, MDOC Agent Perkins testified that Antonio Reese was dangerous and previously had been charged with assaulting police officers.

At approximately 3:00 a.m. on 26 December, MDOC Agents Perkins, Burkes, and Rieves arrived at Kawin Reese's trailer and found Lowe outside it, although his precise distance from the trailer is disputed. Lowe was arrested without incident. The MDOC Defendants maintain Lowe told them Antonio Reese was inside Kawin Reese's trailer. This is also disputed.

The MDOC Defendants (Agents Perkins and Rieves) entered Kawin Reese's trailer, without a warrant, and found him awake with his girlfriend. The two Monroe County Deputies, Gray and West (Monroe County Defendants), subsequently arrived at, and entered, Reese's trailer. The parties dispute why the Defendants entered and precisely what occurred inside the trailer.

2

Kawin Reese maintains that, once the MDOC Defendants entered his bedroom, they used racial slurs and demanded to know "where the drugs" were located. According to Reese, the MDOC Defendants searched, *inter alia*, his bedroom drawers, his trousers, and his girlfriend's purse. Reese gave deposition testimony that, while he and his girlfriend were detained in the bedroom, his trailer was thoroughly searched, including by the Monroe County Defendants; he could hear drawers and closets being opened and shut; and, when he later inspected the trailer, it had been "ransacked": drawers and closets had been opened, and mud had been tracked throughout.

Pursuant to 42 U.S.C. § 1983, Kawin Reese filed this action in April 2006, initially against unknown officers with the MDOC and Monroe County, but subsequently amended his complaint to name as defendants Monroe County Deputies Gray and West, and MDOC Agents Perkins and Rieves. Following discovery, a summary-judgment motion was filed by the Monroe County Sheriff's Department and its two deputies (the three Monroe County Defendants). The MDOC Defendants were granted an extension to file a similar dispositive motion, but never did. The district court granted the three Monroe County Defendants' motion and ordered Kawin Reese to show why summary judgment should not also be granted, *sua sponte*, to the MDOC Defendants.

After Kawin Reese responded, the district court granted summary judgment for the MDOC Defendants. Regarding both sets of Defendants, the district court concluded, *inter alia*: Reese had failed to establish, as a threshold matter, the violation of a constitutional right because the warrantless entry was justified by exigent circumstances.

## II.

"We review de novo the district court's ruling on a motion for summary judgment, applying the same legal standard as the district court in the first instance." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir.

2007). "[W]e must view the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party". *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002). Summary judgment should only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(c). Restated, if genuine issues of material fact exist, a summary judgment is precluded; such factual issues must be resolved by the trier of fact.

A.

The district court concluded: because Lowe had been arrested in the proximity of Kawin Reese's trailer, the officers present could conduct a warrantless "protective sweep" for their own safety. The record suggests, however, a genuine issue regarding Lowe's proximity to the trailer. Although MDOC Agent Perkins gave deposition testimony that Lowe was standing in the front door of Reese's trailer, MDOC Agent Rieves gave deposition testimony that Lowe was at the end of the driveway. According to Reese, this would have placed Lowe around 76 feet from Reese's trailer. The parties also dispute whether Lowe told the MDOC Defendants, as they were arresting him, that Antonio Reese was inside the trailer. These are, of course, quintessential fact questions that can not be decided on summary judgment.

Authority relied upon by Defendants does not compel the conclusion that Lowe's mere presence on Reese's property, no matter how distant from the trailer, justified a warrantless search. Defendants contend exigent circumstances exist, in any event, because of *United States v. Maldonado*, 472 F.3d 388, 395 (5th Cir. 2006). In *Maldonado*, our court held exigency justified the warrantless search of a home when a suspect was arrested near its front door. In *Maldonado*, however, the arrest appears to have occurred in relatively close proximity to the residence. *Id*. at 392.

4

The Monroe County Defendants also rely on similar cases in which our court found exigency when arrests were conducted near residences. Like *Maldonado*, and potentially unlike the matter at hand, these cases all involved arrests occurring quite close to the dwelling ultimately searched. In *United States v. Watson*, 273 F.3d 599 (5th Cir. 2001), our court concluded an arrest near a dwelling might justify a warrantless search. In *Watson*, however, the subject of the arrest was so close to the front door that a fact question existed whether the subject was inside or outside the house when arrested. *Id.* at 602. *See also United States v. Merritt*, 882 F.2d 916, 921 (5th Cir. 1989) (defendant arrested at door of motel room searched); *Kirkpatrick v. Butler*, 870 F.2d 276, 281 (5th Cir. 1989) (defendant arrested on porch of his home).

### B.

The district court granted summary judgment for the Monroe County Sheriff's Department and its Deputies, Gray and West, in their official capacities, as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Under *Monell*, the county, or its employees in their official capacities, could only be liable if the claimed constitutional deprivation resulted from a policy or custom of the county. *Id.* at 694. Although Reese concedes there is no evidence in the record of such a policy or custom, he urges *Monell* should not apply to this case. As Reese suggests in his brief, and his counsel confirmed at oral argument, this contention is advanced solely to preserve it. Accordingly, in the light of *Monell*, summary judgment for the Monroe County Sheriff's Department and its two deputies in their official capacities was proper.

### III.

For the foregoing reasons, the summary judgment awarded MDOC Agents Perkins and Rieves and Monroe County Deputies Gray and West in their individual capacities is VACATED and this matter is REMANDED for further proceedings consistent with this opinion. The summary judgment in favor of the

Monroe County Sheriff's Department and Deputies Gray and West in their official capacities is AFFIRMED.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.